IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LUIS HIRAM ORTIZ-CAMERON                                            PETITIONER

VS.                                                                   CIVIL ACTION NO. 5:05cv10DCB-JCS

CONSTANCE REESE, WARDEN                                       RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court, <u>sua sponte</u>. The petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having considered the allegations of the petition and amended petition filed, this Court finds that this civil action should be dismissed.

I. BACKGROUND

The petitioner, who is incarcerated at FCI-Yazoo City, Mississippi, was convicted in the United States District Court of Puerto Rico, criminal case number CR-88-253(GG), and was sentenced on March 15, 1991. The petitioner was ordered to serve 300 months followed by a period of supervised release. The Bureau of Prisons projects he will be eligible for release on January 1, 2012.

II. PETITIONER'S GROUNDS FOR RELIEF

In his amended petition [3-1] filed January 18, 2005, the petitioner argues that the Bureau of Prison (BOP) has incorrectly interpreted the statute, 18 U.S.C. § 3624(b), governing the calculation of good-time credit received by a federal prisoner. The petitioner argues that the BOP calculates the award of good-time credit based on time served rather than on the sentence imposed by the Court. (Amended petition [3-1] p.3). Even though the petitioner states that the statute is unambiguous, for the sake of argument, he contends that if the statute was ambiguous

the rule of lenity would "compel the BOP to base its calculations upon the length of the sentence imposed." Id.  Because of BOP's calculation of his good-time credits based on time served and not on the sentence imposed,  the petitioner contends that the BOP  will have denied him a total of 174  days of good-time credit.

### III. DISCUSSION

The petitioner is challenging the execution of his sentence.  As such, he is required to present a claim that is ripe for judicial review. Under the allegations of the instant petition, whether the petitioner's  sentence is computed based on his argument, that he should receive good time credit based on the sentence imposed, or on the BOP's calculation as time served, it is clear that he is not eligible for release until 2012.  Therefore, the claim presented by the petitioner is "temporally distant and speculative" and thus, "his allegations do not establish that 'he will sustain immediate injury' and 'that such injury would be redressed by the relief requested.' "  Sample v. Morrison, 406 F.3d 310, 312 (5th Cir. 2005) (quoting Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994)).  Consequently, the claim presented by the petitioner is not ripe for review.

However, notwithstanding that the petitioner's claim is not ripe for review, the issue presently before this Court has been addressed by the Fifth Circuit in Moreland v. Federal Bureau of Prisons, 431 F.3d 180 (5th Cir. 2005), cert. denied, 126 S.Ct. 1906 (2006).  In Moreland, the Fifth Circuit held that 18 U.S.C. § 3624 is unambiguous and therefore, neither the rule of lenity nor the BOP's interpretation of the statute under Chevron, U.S.A. v. Natural Resources Defense Council, Inc., 467 U.S. 387, 842-44 (1984) was required to be addressed.  Moreland, 431 F.3d at 180.

In adopting the analysis of Sample v. Morrison, 406 F.3d 310 (5th Cir. 2005) and Tatu v. Rasbeary, 142 Fed. Appx. 215, (5th Cir. 2005), the Fifth Circuit in Moreland held that the BOP's

method of calculating good-time credit based on the time actually served is supported by the plain language of the statute.  Moreland v. Federal Bureau of Prison, 431 F.3d 180 (5th Cir. 2005), cert. denied, 126 S.Ct. 1906 (2006).  The Fifth Circuit in Sample explained that

> [i]t is plain from the statute that an inmate must earn good time credit; the statute grants the BOP itself the power to determine whether or not, during a given year, the inmate has complied with institutional disciplinary rules.  Good time credit thus is not awarded in advance, and any entitlement to such credit for future years is speculative at best.

Sample, 406 F.3d at 313.   Therefore, 18 U.S.C. § 3624 does not require the BOP to credit the petitioner's sentence with 54 days of good time credit, in advance, for each year of the sentence imposed.  With that in mind, the petitioner's contention that he will be denied 174 days of good time credit is misplaced.

## IV. CONCLUSION

For the reasons discussed in this Memorandum Opinion and Order, the Court finds that the petition should be denied and this civil action be dismissed with prejudice.

SO ORDERED, this the 31st day of August, 2006.


                                            S/DAVID BRAMLETTE  
                                            UNITED STATES DISTRICT JUDGE